**IN THE COURT OF APPEALS OF IOWA**

No. 17-0339
Filed December 20, 2017

**IN THE MATTER OF THE ESTATE OF CLARENCE M. BREHM, deceased.**

_____

        Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.


        A beneficiary challenges district court order finding he waived his option to purchase real estate under the terms of his father's will. **APPEAL DISMISSED.**


        David A. Lemanski, Dubuque, for appellant.

        Dean J. Konrardy of Kintzinger Law Firm, P.L.C., Dubuque, and Todd Locher of Locher & David, P.L.C., Farley, for appellee.



        Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

## I. Background Facts and Proceedings

Clarence Brehm died April 13, 2015, leaving a will that gave his son, Douglas Brehm, a one-third interest in his farm real estate, and gave him the option to buy the remaining two-thirds from his estate for $92,000. The will also provided that if Douglas elected not to purchase the remaining two-thirds of the real estate, "this gift shall lapse and the property shall be sold by my estate on the open market" with the proceeds divided equally between Janet (his surviving spouse), Douglas, and Douglas's sister. The will nominated Janet to serve as executor of the estate.

On June 26, 2015, Janet elected to take her share against the will. Thereafter, on September 4, Douglas filed notice to exercise his right to purchase the remaining two-thirds of the real estate. On September 18, Janet, as executor, filed the probate inventory reflecting the real estate appraised at $767,314.

The district court ordered a referee be appointed to identify Janet's elective share, provide direction as to the distribution of proceeds, and provide direction as to the allocation of income and expenses related to the farm. On June 6, 2016, the referee submitted his report finding Janet's election against the will rendered Douglas's option to purchase, for $92,000, a legal impossibility because the fair market value of Janet's elective share as of Clarence's date of death was valued much higher. On July 14, the district court entered an order confirming most of the referee's findings and providing Douglas sixty days from the filing of a new appraisal to submit his intent to purchase the remaining portion of the real estate. Douglas did not appeal from this order. The new appraisal was filed on September

30. With no filing by Douglas of an intent to purchase, the district court entered an order on February 16, 2017, confirming Janet was authorized to sell the real estate.

Douglas filed a notice of appeal on March 2, 2017.

## II. Standard of Review

Except for actions to set aside or to contest wills, for the involuntary appointment of a guardian or conservator, or for the establishment of contested claims, probate cases are tried in equity. Iowa Code § 633.33 (2015). We determine the probate court was acting in equity in approving the referee's report and establishing directives for the exercise of the option to purchase. Our review is therefore de novo. Iowa R. App. P. 6.907.

## III. Jurisdiction

On appeal, Douglas first asserts the district court erred in permitting the sale of the real estate because he elected to purchase the real estate for $92,000 on September 4, 2015, and has never withdrawn that election. Janet asserts this court does not have jurisdiction because Douglas's appeal was untimely. We agree.

As noted above, Janet elected to take her share of the estate instead of what was provided for her in the will. *See* Iowa Code § 633.236 (allowing for the surviving spouse to take an elective share). Since the parties could not agree to the amount of Janet's elective share, Janet filed an application to have the share set off by a referee. *See id.* § 633.247 (allowing for a referee appointed by the court to set off the share of the surviving spouse). After a hearing on the application, a referee was appointed. *See id.* § 633.248 (allowing the court to set a hearing for the appointment of a referee).

On July 14, 2016, the district court entered an order adopting most of the referee's report, with the remaining portion to be confirmed upon receipt of an appraisal. *See id.* §§ 633.36, 633.251; *In re Estate of Jarvis*, 185 N.W.2d 753, 756 (Iowa 1971). Critical to this appeal, the July 14 order gave Douglas sixty days after the filing of the appraisal to submit his intent to exercise his right to purchase the remaining portion of the real estate. Had Douglas not agreed with the court's order as to method, timeframe, or even the necessity of having to submit his intent to purchase the real estate again, he should have appealed from that order. He did not.[1]

Iowa Code section 633.36 states: "All orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared without notice." Only after the district court authorized the sale of the real estate on February 16, 2017 after Douglas failed to submit his intent to purchase the real estate, did Douglas appeal, bypassing the substance of the July 14, 2016 order. The district court's July 14 order confirming the referee's report and directing Douglas "to submit his intent to exercise his right to purchase the remaining two-thirds" was a final decree and was appealable as a matter of right within thirty days of that date. Iowa R. App. P. 6.101(1)(b) ("A notice of appeal must be filed within 30 days after the filing of the final order or judgment."). Douglas did not file an appeal within thirty days, making his subsequent appeal untimely, and we have no jurisdiction to consider his claim that his initial election to purchase

---

[1] Nor did Douglas submit his intent to purchase within the sixty-day timeframe.

the real estate is still valid. *In re Estate of DeTar*, 572 N.W.2d 178, 182 (Iowa Ct. App. 1997).

Likewise, we have no jurisdiction to consider the Douglas's second claim on appeal—that the district court incorrectly interpreted the residuary language in the will in light of Janet's election to take against the will. The district court ruled on its interpretation of how the residuary was to be defined and handled in the July 14, 2016 order, and Douglas did not file a notice of appeal until March 2, 2017. Because Douglas did not appeal the court's order regarding the residuary clauses within thirty days of that order, we do not have jurisdiction to consider this claim. *See id.*

Accordingly, we must dismiss the appeal.

**APPEAL DISMISSED.**